2019 IL App (2d) 180531-U
No. 2-18-0531
Order filed December 3, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-0652 |
| NIKOLAS KAUFMANN, | ) ) | Honorable James C. Hallock, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Hutchinson and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) The State produced sufficient proof of the *corpus delicti* of DUI, as the State corroborated defendant's confession with independent evidence that a drunk driver had struck another vehicle; (2) defendant could not assert that the trial court committed error (or plain error) by admitting evidence that he introduced.

¶ 2    Following a bench trial, defendant, Nikolas Kaufmann, was convicted of aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(1), (d)(1)(G) (West 2016)) and driving with a revoked license (*Id.* § 6-303(a)).  He appeals, contending that (1) he was not proved guilty beyond a reasonable doubt where the State failed to produce evidence of the

*corpus delicti* of DUI apart from his admissions and (2) the court erred in relying on an inadmissible police report.  We affirm.

¶ 3                                I. BACKGROUND

¶ 4      On April 19, 2016, Elgin police officer Nicholas Klinke was dispatched to the area of Raymond and Hastings streets.  When he arrived, he saw several damaged vehicles.  People were standing outside their homes on Hastings Street.  On the north side of the street was a Cadillac DeVille with "significant front end damage," which appeared to have struck a red Grand Prix.

¶ 5      Klinke testified that the Cadillac's driver was on a patio at 703 Raymond.  He identified defendant as the driver.  Defendant admitted that he drove the car and that he had been drinking. He said that he borrowed the car to get dog food and run other errands.  On the way back, he took a corner too fast and struck other vehicles.

¶ 6      Officer Teodolo Radavan administered field sobriety tests to defendant, after which he placed him under arrest.  Radavan also administered a Breathalyzer test.  In his opinion, defendant was under the influence.  The parties stipulated that defendant's breath-alcohol concentration was 0.25.

¶ 7      The following day, defense counsel argued that the State had not proved the *corpus delicti*. The court overruled the objection, finding that Klinke's "investigation corroborates his conversations with the defendant."

¶ 8      The defense recalled Klinke, who identified what he referred to as a "CAD report," a narrative prepared by the dispatcher "while the call was ongoing."  According to Klinke, the report showed that at least two people called 911.  One stated that an apparently intoxicated man fled on foot into 703 Raymond.  The caller described the man as being 26 years old, wearing a white shirt,

red shorts, and no shoes, and limping. Defendant was wearing a white shirt and no shoes on the night of the incident.

¶ 9    The court found defendant guilty. It denied his postjudgment motion and sentenced him to 12 months' probation. Defendant timely appeals.

¶ 10                                    II. ANALYSIS

¶ 11    Defendant first contends that the State failed to prove the *corpus delicti* of DUI apart from his admissions. The *corpus delicti* cannot be proved by a confession alone. *People v. Lambert*, 104 Ill. 2d 375, 378 (1984). There must be some independent evidence tending to establish that a crime occurred. *People v. Willingham*, 89 Ill. 2d 352, 360 (1982). If there is such evidence, and it tends to prove that an offense occurred, then that evidence may be considered together with the confession to establish the *corpus delicti. Lambert*, 104 Ill. 2d at 379.

¶ 12    The principal purpose of the *corpus delicti* rule is to reduce "the possibility of punishing a person for a crime which was never in fact committed." 1 Wayne R. LaFave, Substantive Criminal Law § 1.4(b), at 29 (2d ed. 2003); see *Willingham*, 89 Ill. 2d at 359 (corroboration requirement stems from an attempt to ensure the truthfulness of the confession). Generally, proof of *corpus delicti* requires proof of an injury or loss, as well as proof of criminal agency. However, given that the rule applies to crimes, such as DUI, that do not require the doing of any particular harm, a more precise formulation of the rule is that it requires proof that "somebody did the required act or omission with the required mental fault, under the required (if any) attendant circumstances, and producing the required (if any) harmful consequence, without embracing the further fact (needed for conviction) that the defendant was the one" responsible. 1 Wayne R. LaFave, Substantive Criminal Law § 1.4(b), at 29 (2d ed. 2003).

¶ 13    Here, the State produced sufficient evidence to ensure that defendant was not convicted of a crime "which was never in fact committed." *Id.* Klinke observed a Cadillac that had apparently collided with one or more vehicles. Moreover, the driver's door had been left open, suggesting that someone exited the vehicle in a hurry. Finally, the CAD report reveals the additional information that at least two 911 callers reported a drunk driver and that a man was seen leaving the Cadillac. The fact that a reportedly drunk driver apparently struck another vehicle and hurriedly abandoned his vehicle tends to establish something more than an ordinary traffic accident.

¶ 14    In *People v Lurz*, 379 Ill. App. 3d 958 (2008), the defendant was found walking late at night approximately a half-mile from his disabled vehicle. *Id.* at 972. He showed obvious signs of intoxication. We held that these circumstances were enough to establish that the defendant drove the truck while intoxicated. *Id.*

¶ 15    Defendant, like the defendant in *Lurz*, insists that this case is controlled by *People v. Foster*, 138 Ill. App. 3d 44 (1985). Like the *Lurz* court, we find that case distinguishable. There, the defendant was found in the passenger seat of a car that was in a ditch with its rear wheels suspended over a culvert. The defendant told officers at the scene that he was the driver, but later recanted. The appellate court reversed the defendant's conviction. *Id.* at 46-47. The court noted that the defendant's statements were contradictory and that the additional evidence did not relate to the defendant's admission of driving. *Id.* at 47.

¶ 16    In *Foster*, the additional evidence contradicted rather than corroborated the defendant's admission. He was, after all, found in the *passenger* seat of the vehicle under circumstances making it unlikely that he had gotten there after the car came to rest. Moreover, the defendant

recanted his admission to being the driver. Here, by contrast, Klinke's observations were consistent with defendant's statement that he lost control of the car while turning the corner.

¶ 17 Defendant makes several subsidiary arguments concerning the sufficiency of the evidence. He points out that, unlike in *Kurz*, he was not the registered owner of the vehicle. He also notes that, while one of the 911 callers reported that the driver went *inside* 703 Raymond, defendant was found on the patio. Moreover, he asserts that his roommate, the car's registered owner, was *inside* the house. However, these were merely conflicts in the evidence that the court properly resolved. See *People v. McCann*, 2016 IL App (1st) 142136, ¶ 15 (in bench trial, trial court responsible for weighing and resolving conflicts in the evidence). (In any event, defendant points to no evidence that his roommate was actually in the house at the time, and, according to the CAD report, defendant's clothing matched at least generally that worn by the man seen getting out of the car.)

¶ 18 Defendant next contends that the trial court erred in relying on the CAD report. While acknowledging that the court did not expressly refer to the report, he nonetheless argues that police reports are generally inadmissible. See Ill. R. Evid. 803(8) (eff. Sept. 28, 2018) (police reports excluded from rule that business records are generally admissible as exception to hearsay rule). However, as the report was offered by defendant, he may not complain that its admission was erroneous. "Under the doctrine of invited error, an accused may not request to proceed in one manner and then later contend on appeal that the course of action was in error." *People v. Carter*, 208 Ill. 2d 309, 319 (2003). Thus, a defendant may not claim error in the admission of evidence that he himself introduced. *People v. Harvey*, 211 Ill. 2d 368, 386 (2004).

¶ 19 In his reply brief, defendant argues that we should consider the issue as plain error. However, "plain-error review is forfeited when the defendant invites the error." *People v. Harding*, 2012 IL App (2d) 101011, ¶ 17. Where a defendant invites the error, our supreme court

has declined to address related plain-error claims. *Id.* Defendant, having introduced the report, may not argue that its introduction was plain error.

¶ 20                                    III. CONCLUSION

¶ 21     The judgment of the circuit court of Kane County is affirmed.

¶ 22     Affirmed.