2020 IL App (2d) 170971-U
No. 2-17-0971
Order filed March 27, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE CITY OF WHEATON, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 17-DT-1159 |
| | ) | |
| DENZEL L. CROWLEY, | ) | Honorable |
| | ) | Paul A. Marchese, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices McLaren and Zenoff concurred in the judgment.

**ORDER**

¶ 1   *Held*: The prosecution proved the *corpus delicti* of DUI by introducing independent evidence to corroborate defendant's extrajudicial statement that he had driven a vehicle after drinking.

¶ 2   After a bench trial, defendant, Denzel L. Crowley, was convicted of driving with a breath alcohol concentration (BAC) of more than 0.08 (DUI) (625 ILCS 5/11-501(a)(1) (West 2016)) and placed on two years' supervision. On appeal, he contends that he was not proved guilty beyond a reasonable doubt, because there was insufficient evidence of the *corpus delicti*. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     At trial, the sole witness, Wheaton police officer Chris Harpling, testified on direct examination as follows. Late in the evening of May 12, 2017, he and three other officers were dispatched to the home at 1348 Loughbrough Court. Harpling spoke with the homeowner, then went outside. Near the house, he saw defendant and David Maines, the homeowner's son.

¶ 5     Shortly after midnight, Harpling returned to 1348 Loughbrough Court. He spoke to the homeowner and Riley McDermott. Another officer located defendant behind the house. Harpling asked defendant what had happened between Harpling's first visit and his return. Defendant replied that he had walked to McDermott's home on Williamsburg Court because he had been concerned about McDermott walking home from the Maines residence. Defendant said that he opened the purse belonging to McDermott's mother, Cheryl McManus, took the key to her vehicle, and drove back to the Maines house.

¶ 6     Harpling testified that, as he spoke to defendant, he saw a gray Honda parked in the driveway. He did not remember whether any other cars were there. Defendant appeared to be intoxicated. He admitted drinking vodka between 10 and 11 p.m. Harpling had defendant perform field-sobriety tests and arrested defendant for DUI. He searched defendant's clothing and found the key to a vehicle. Defendant "indicated" that it was the key to the Honda. Harpling testified, "And it was, I believe, later confirmed that it was the key to the vehicle."

¶ 7     Harpling testified that he also recovered a credit card from defendant. Defendant told him that McManus had given him the credit card. Harpling transported defendant to the police station, where defendant said that he could not remember whether he had taken McManus's credit card out of her purse when he took the key. A test disclosed that defendant's BAC was 0.19.

¶ 8     Harpling testified that, when he first went to 1348 Loughbrough Court, McManus was not there. After he left the second time, another officer transported McManus there to retrieve her car.

Asked whether the key that was taken from defendant was given to McManus so that she could drive away, Harpling testified, "It was returned to her, I don't know if she used that key to start the car. I wasn't there when she got back."

¶ 9 Harpling testified on cross-examination that nobody reported having seen defendant driving the Honda. Harpling did not open the car or see any of defendant's possessions inside.

¶ 10 Harpling testified on redirect that defendant both admitted that he had driven the car and told Harpling the specific route that he had taken. Defendant also said at one point that he had taken the car key from McManus's purse. Harpling found no other car key on defendant.

¶ 11 The State rested. Defendant put on no evidence. In arguments, the parties disputed whether the State had proved the *corpus delicti* of DUI and, more specifically, whether the State had introduced sufficient evidence, beyond defendant's admissions, that he had been driving.

¶ 12 The trial court found defendant guilty, holding that the *corpus delicti* had been proved. The court explained that defendant was on the same property as the Honda while he possessed a credit card belonging to McManus and a vehicle key. Defendant said that the key was to the Honda and that he had retrieved the key from McManus's purse. He also admitted that he had driven from her home, and he described the route. However, the court stated, "that's still not enough."

¶ 13 The court explained the evidence also proved that, after defendant turned over the key to the police, they gave it to McManus, who used it to drive the Honda away from the Maines residence. Thus, the prosecution corroborated defendant's admission with evidence that McManus's residence was within walking distance of the Maines residence; that defendant possessed the key and McManus's credit card; and that McManus used the key to drive the Honda away. The evidence proved the *corpus delicti*. The court-imposed supervision and denied defendant's postjudgment motion. He timely appealed.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, defendant contends that the evidence was insufficient to prove him guilty beyond a reasonable doubt of DUI. He argues that it did not prove the *corpus delicti*, because his admission that he had been driving was insufficiently corroborated.

¶ 16    Although plaintiff, the City of Wheaton, has not filed an appellee's brief, we may decide the merits of this appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 17    In evaluating a challenge to the sufficiency of the evidence, we ask only whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational fact finder could have found the elements of the offense proved beyond a reasonable doubt. *People v. Ward*, 154 Ill. 2d 272, 326 (1992). The fact finder is responsible for determining the witnesses' credibility, weighing their testimony, and deciding on the reasonable inferences to be drawn from the evidence. *People v. Hill*, 272 Ill. App. 3d 597, 604 (1995). It is not our function to retry the defendant. *People v. Lamon*, 346 Ill. App. 3d 1082, 1089 (2004).

¶ 18    To the foregoing principles must be added the rules that the prosecution must prove beyond a reasonable doubt that a crime occurred, *i.e.*, the *corpus delicti*, and the proof of the *corpus delicti* may not consist exclusively of the defendant's extrajudicial admission. *People v. Sargent*, 239 Ill. 2d 166, 183 (2010); *People v. Underwood*, 2019 IL App (3d) 170623, ¶ 10. The independent evidence need not prove guilt beyond a reasonable doubt or corroborate every element of the charged offense. *People v. Lara*, 2012 IL 112370, ¶¶ 45, 50. It need only tend to show the commission of a crime. *Id.* ¶ 45. If there is corroborating evidence that tends to prove the *corpus delicti* and corresponds with the confession, both may be considered in determining whether the *corpus delicti* has been proved in a given case. *Id.* ¶ 32.

¶ 19    Here, defendant contends that the State did not introduce sufficient proof of the *corpus delicti* of DUI. He concedes that the evidence proved that he had been under the influence of alcohol, but he argues that there was insufficient evidence independent of his admissions to Harpling that he had been driving. Defendant notes that there was no evidence that anyone saw him drive the Honda that was parked an undisclosed distance from where Harpling encountered him.

¶ 20    We conclude that the *corpus delicti* was proved beyond a reasonable doubt. We recognize our obligation to view the evidence in the light most favorable to the prosecution, which includes deferring to the fact finder's reasonable inferences. The following summary of the evidence adheres to these requirements.

¶ 21    Defendant's admission that he drove McDermott in the Honda to the Maines residence was corroborated in key respects. At the residence, Harpling saw defendant, McDermott, and the Honda. Although Harpling could not say exactly how far defendant was from the car, both were on the Maines property and visible to Harpling. Moreover, defendant possessed exactly one car key, which he had taken from McManus's purse, and it was returned to her at the Maines residence, where the Honda was parked.

¶ 22    We acknowledge that the independent evidence would be insufficient, on its own, to prove that defendant drove the gray Honda. However, the independent evidence by itself need not prove guilt beyond a reasonable doubt, because the corroborating evidence supported the trial court's reasonable inference that he had been driving.

¶ 23    Defendant contends that the evidence here was no stronger than it was in *People v. Foster*, 138 Ill. App. 3d 441 (1988), in which a DUI conviction was reversed. There, the evidence showed that an officer reported to the scene of a one-car accident and saw a car off the highway. The

defendant was seated on the passenger side and the other occupant was on the driver's side. Both appeared to be asleep. Two other officers were called. The defendant said twice that he had been driving the vehicle. However, after being taken to the police station, the defendant said the he had not been the driver. He failed a breath-alcohol test. The trial court found him guilty of DUI. *Id.* at 45-46.

¶ 24 In reversing, the appellate court explained that, other than defendant's admissions at the scene, there was no evidence that he had been the driver. Further, he had been seated on the passenger side, asleep, when the officer approached; there was no evidence who owned the vehicle; and, at the station, the defendant denied having driven the vehicle. *Id.* at 46-47.

¶ 25 We disagree with defendant's application of *Foster*. There, the independent evidence contradicted rather than corroborated the defendant's admission; he was found in the passenger seat of the car and another person was found in the driver's seat. The circumstances made it unlikely that they had gotten into their respective positions after the car came to rest. Further, the defendant recanted his admission. See *People v. Kaufmann*, 2019 IL App (2d) 180531-U, ¶ 16. Here, defendant and the car were on the same property and there was no evidence that anyone else had driven it. Defendant never recanted his admission. He possessed one car key, which he had taken from the purse of the individual who was later driven to the scene to retrieve the car.

¶ 26                                III. CONCLUSION

¶ 27 For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 28 Affirmed.