2020 IL App (1st) 182306-U

No. 1-18-2306

Order filed November 2, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. TK 121846 |
| JOHN KEELER, | ) ) | Honorable Cecilia A. Horan and |
| Defendant-Appellant. | ) ) ) | Jeanne Marie Wrenn, Judges presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Walker and Justice Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Defendant's convictions for driving on a suspended or revoked license, operating an uninsured motor vehicle, and negligent driving are reversed because the evidence he operated the vehicle violated the *corpus delicti* rule.

¶ 2    Following a bench trial on June 27, 2017, defendant John Keeler was found guilty of driving on a suspended or revoked license, operating an uninsured motor vehicle, and negligent driving. He was sentenced to 30 days' incarceration in Cook County jail. On appeal, defendant

contends the State's proof he operated the vehicle violated the *corpus delicti* rule because the only evidence of that element was his uncorroborated, extrajudicial admission to doing so. We agree and reverse.

¶ 3    Defendant was charged with two criminal offenses, driving on a suspended or revoked license (625 ILCS 5/6-303(a) (West 2016)) and operating an uninsured motor vehicle (625 ILCS 5/3-707(a) (West 2016)). He was also charged with a municipal code violation, negligent driving (Chicago Municipal Code § 9-40-140(a) (amended May 9, 2007)).

¶ 4    Chicago police officer Clifton Thurman testified that, on May 22, 2016, he was on duty with his partner and driving a marked police vehicle. At approximately 2:00 a.m., they responded to a call of a vehicle parked on a sidewalk at the Odyssey Lounge, located at East 55th Street and South Indiana Avenue. Upon arrival, Thurman saw a crowd of 50 to 60 people in front of the lounge, and a Jaguar parked on the sidewalk, west of the lounge's front door. Defendant, whom Thurman identified in court, was standing at the front of the vehicle. The following exchange occurred:

> "Q. [ASSISTANT STATE'S ATTORNEY] Did you ask the defendant why he parked his vehicle on the sidewalk?
>
> A. [THURMAN] Yes, I did.
>
> Q. And what was his response?
>
> A. He related that he was there a while back and he parked in the parking lot and someone hit his vehicle."

¶ 5    Thurman asked defendant for the keys to the Jaguar, which he retrieved from his pocket and gave to Thurman. Thurman moved the Jaguar off the sidewalk and placed defendant in his

police vehicle. Thurman asked defendant for his driver's license and proof of insurance, which he was unable to produce. Using a police database, Thurman determined that defendant's driver's license was "[s]uspended/revoked."

¶ 6    On cross-examination, Thurman admitted that he never saw defendant inside the Jaguar or driving it. He conceded that his arrest report did not indicate that he asked defendant for the keys, his driver's license or insurance, or that defendant retrieved the keys from his pocket.[1]

¶ 7    Defendant's motion for a directed finding was denied. In closing, defendant argued that the State failed to prove that he drove the vehicle, and Thurman was not credible because of the omissions in his police report. The State responded that defendant had the keys to the Jaguar in his possession, was standing near it, and "admitted to driving the Jaguar from the parking lot to the sidewalk."

¶ 8    The court found defendant guilty of all three charges, specifically holding that defendant admitted to Officer Thurman that "he moved the vehicle onto the sidewalk."

¶ 9    Defendant filed a motion for a new trial, arguing, in relevant part, that the State failed to prove him guilty of the offenses under the *corpus delicti* rule as his statement alone was insufficient to prove he was driving. In denying the defendant's motion, the court emphasized that "defendant admitted to Officer Thurman that he parked his vehicle on the sidewalk, the necessary implication being that he drove the vehicle." The court also found "there [was] evidence outside defendant's admission tending to show the commission of the offense. The vehicle was parked on the sidewalk

---

[1] In his motion for a directed finding, defense counsel argued that Officer Thurman "suddenly remembered" facts at the June 27, 2017, trial that were not contained in his May 22, 2016, arrest report.

and defendant was in possession of the key to the vehicle. These facts are corroborative of defendant's admission that he parked the vehicle on the sidewalk."

¶ 10    Defendant was sentenced to 30 days' incarceration in Cook County jail, time considered served, and four months' supervision.[2]

¶ 11    On appeal, defendant challenges all three of his convictions, arguing the State failed to prove the *corpus delicti* of the offenses where there was no "independent, corroborative" evidence he operated the Jaguar, aside from his own "extrajudicial admission."

¶ 12    With respect to the criminal charges of driving on a suspended or revoked license and operating an uninsured motor vehicle, the relevant inquiry is whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the elements of the offenses beyond a reasonable doubt. *People v. Pizarro*, 2020 IL App (1st) 170651, ¶ 29. We may not substitute our judgment for that of the trier of fact with respect to the weight of the evidence or the credibility of witnesses, and we will not reverse a conviction unless the evidence is so improbable, unreasonable, or unsatisfactory as to justify a reasonable doubt of defendant's guilt. *People v. Jackson*, 232 Ill. 2d 246, 280-81 (2009); *People v. Rowell*, 229 Ill. 2d 82, 98 (2008).

¶ 13    To prove defendant guilty of driving on a suspended or revoked license, the State had to establish he drove or was in actual physical control of a motor vehicle on any highway of Illinois when his driver's license was revoked or suspended. 625 ILCS 5/6-303(a) (West 2016). With respect to operating an uninsured motor vehicle, the State had to prove defendant operated a motor

---

[2] Although the Honorable Cecilia Horan heard the evidence and resolved the post-trial motions in this case, the Honorable Jeanne Wrenn imposed "an agreed disposition" on July 3, 2018.

vehicle in Illinois that was not covered by a liability insurance policy. 625 ILCS 5/3-707(a) (West 2016).

¶ 14    To prove defendant guilty of negligent driving, the State had to establish he operated a vehicle upon a public way negligently, heedlessly, and without due caution, in a manner which endangered or was likely to endanger any person or property or to swerve within, between, or across lanes of traffic. Chicago Municipal Code § 9-40-140(a) (amended May 9, 2007). The State was only required to prove the negligent driving ordinance violation by a preponderance of the evidence (Ill. S. Ct. R. 578 (eff. Dec. 7, 2011)), so upon review, we "will reverse that finding only if it is against the manifest weight of the evidence." *Best v. Best*, 223 Ill. 2d 342, 307 (2006). "A finding is against the manifest weight of the evidence only if it is clearly evident from the record that the trial court should have reached the opposite conclusion or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Relwani*, 2018 IL App (3d) 170201, ¶ 15.

¶ 15    The common element to all three offenses is that defendant operated a motor vehicle, and it is the State's proof of that element defendant challenges on appeal.[3] Specifically, defendant argues the State failed to prove the *corpus delicti* of the offenses because "[t]he only evidence that [defendant] drove the vehicle that was found parked on a sidewalk was his extrajudicial statement to Officer Clifton Thurman." Defendant does not contest the State's proof of any of the other elements of the three offenses of which he was convicted.

---

[3] We note the State could prove defendant guilty of driving on a suspended or revoked license by establishing he was in "actual physical control" of the Jaguar, and did not have to prove he actually operated it. See 625 ILCS 5/6-303(a) (West 2016). However, the other two charges required proof defendant actually operated the Jaguar. See 625 ILCS 5/3-707(a) (West 2016); Chicago Municipal Code § 9-40-140(a) (amended May 9, 2007). Thus, we only consider whether the State proved defendant actually operated the Jaguar.

¶ 16    "Under the law of Illinois, proof of an offense requires proof of two distinct propositions or facts *** : (1) that a crime occurred, *i.e.,* the *corpus delicti;* and (2) that the crime was committed by the person charged." *People v. Sargent*, 239 Ill. 2d 166, 183 (2010). "[A] defendant's confession may be integral to proving the *corpus delicti.*" *Id.* "It is well established, however, that proof of the *corpus delicti* may not rest exclusively on a defendant's extrajudicial confession, admission, or other statement." *Id.* "Where a defendant's confession is part of the proof of the *corpus delicti,* the prosecution must also adduce corroborating evidence independent of the defendant's own statement." *Id.* "If a confession is not corroborated in this way, a conviction based on the confession cannot be sustained." *Id.* "[T]he independent evidence need only *tend to show* the commission of a crime." (Emphasis in original.) *People v. Lara*, 2012 IL 112370, ¶ 18. "It need not be so strong that it alone proves the commission of the charged offense beyond a reasonable doubt." *Id.* "If the corroborating evidence is sufficient, it may be considered, together with the defendant's confession, to determine if the State has sufficiently established the *corpus delicti* to support a conviction." *Id.*

¶ 17    We find the State failed to prove defendant operated the vehicle. We recognize that "the testimony of a single witness, if positive and credible, is sufficient to convict." *People v. Siguenza-Brito*, 235 Ill. 2d 213, 228 (2009). However, in this case, the defendant never admitted that he drove the vehicle, much less when or where he drove the vehicle. Rather, he told Thurman his Jaguar had previously been parked in a parking lot, where "someone hit" it. Other than possessing keys to the vehicle, there was no independent corroborating evidence that he was the driver. Defendant's "admission" "that he was there a while back and he parked in the parking lot" does not "tend to show" that he drove the Jaguar from the parking lot to the sidewalk on May 22, 2016.

In addition, the facts corroborating the State's theory in this case were not included in Officer Thurman's police report. Under these circumstances, the independent evidence is insufficient to satisfy the *corpus delicti* rule.

¶ 18    In *People v. Foster*, 138 Ill. App. 3d 44 (1985), on which defendant relies, police found the defendant in the passenger seat of a vehicle, and a different man in the driver's seat. *Foster*, 138 Ill. App. 3d at 45. The defendant initially stated he was the driver, but later recanted. *Id.* at 45-46. On review, the court found that "no independent evidence was offered to corroborate the defendant's initial admission of driving. As a result, this element of *corpus delicti* was not proved beyond reasonable doubt." *Id.* at 47. There is even less "independent evidence" offered to establish that defendant was the driver of the vehicle in the instant case. Defendant never admitted driving the vehicle, no one ever saw him inside the vehicle and the evidence does not establish who owned the vehicle, who parked the vehicle on the sidewalk or when the offense occurred.

¶ 19    For the foregoing reasons, we reverse defendant's convictions for driving on a suspended or revoked license, operating an uninsured motor vehicle, and negligent driving.

¶ 20    Reversed.