2021 IL App (1st) 190332-U

No. 1-19-0332

Order filed April 29, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 38218859 |
| | ) | |
| FRANK THOMAS, | ) | Honorable |
| | ) | John Curry, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court.
Justice Reyes concurred in the judgment.
Presiding Justice Gordon dissented.

**ORDER**

¶ 1    *Held*:  We affirm defendant's conviction for driving under the influence of alcohol over his contention that the State's evidence was insufficient to prove the *corpus delicti* of the offense.

¶ 2    Following a bench trial, defendant Frank Thomas was convicted of driving under the influence of alcohol in that he was driving or in actual physical control of a vehicle while his blood alcohol concentration was 0.08 or more in violation of section 11-501(a)(1) of the Vehicle Code

(Code) (625 ILCS 5/11-501(a)(1) (West 2014)). He contends his conviction should be reversed because the evidence was insufficient to satisfy the *corpus delicti* rule, *i.e.*, that the only evidence that he was driving or in physical control of the vehicle was his own statement. For the following reasons, we affirm.[1]

¶ 3    In connection with a July 2014 accident, defendant was charged by citation with two counts of driving under the influence of alcohol, including one count (count I) for driving under the influence of alcohol in violation of section 11-501(a)(2) of the Code and a separate count (count III, the only count at issue in this appeal) for driving with a blood alcohol concentration of 0.08 or more in violation of section 11-501(a)(1) of the Code. Defendant was also charged with one count of driving with a suspended license (count II) and one count of improper lane usage (count IV).

¶ 4    Defendant filed a petition to rescind the statutory summary suspension of his license, which was granted following a hearing. Defendant subsequently executed a jury waiver and proceeded to a bench trial.

¶ 5    At trial, Illinois State Trooper Gene Mason testified that, at 2:25 a.m. on July 27, 2014, he was dispatched to the scene of a vehicle crash near the Kedzie Avenue exit ramp on the I-290 expressway. When he arrived, he saw Illinois Department of Transportation (IDOT) workers removing two vehicles, a Chrysler, and a Jeep. Mason had previously seen the Jeep at the same location approximately two hours earlier. Mason recalled that the Jeep was abandoned and had no occupants when he first saw it.

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 6    After Mason spoke to IDOT workers at the crash scene, Mason went to Mount Sinai Hospital "to speak with the driver" of the Chrysler. He found defendant in a hospital bed, after asking nurses "if they had someone come in from a crash that was at the location of 290 and Sacramento or Kedzie." Mason identified defendant in court. Mason testified that he spoke to defendant in the hospital when there was no one else in the room. Defendant told Mason that he was driving, he was cut off by someone and he swerved out of the way, leading him to strike the abandoned Jeep. Mason noticed that defendant had bloodshot and glassy eyes, and he smelled alcohol on defendant's breath. Based upon Mason's observations, training, and experience, he believed defendant was driving while under the influence of alcohol and was impaired.

¶ 7    During Mason's testimony, the State introduced a stipulation that blood was drawn from defendant and tested in a lab at the hospital. The test result was a .151 blood alcohol concentration.

¶ 8    On cross-examination, Mason was shown the "ICASE" report (Defense Exhibit 1) he had prepared regarding the incident.[2] Mason acknowledged that the report did not state that defendant admitted that he was driving the vehicle. Mason agreed that no one told him that defendant was driving the Chrysler, and that there were no paramedics when he arrived at the accident scene. Mason did not know when IDOT workers arrived at the scene.

¶ 9    Mason acknowledged that, in his investigation, he learned that the Chrysler was not owned by defendant. He agreed that he never followed up with the registered owner.

¶ 10   On redirect examination, the State asked Mason to read from his "ICASE" report as to what defendant told him. Mason testified: "It says, 'Thomas stated he was cut off by a motorist and swerved to the right to avoid a collision.' "  Also, on redirect, Mason testified that he wrote in

---

[2] The trial exhibits are not contained in the record on appeal.

the "Alcohol/Drug Influence Report" (Defense Exhibit 3) that: "Driver Unit 1 stated he was cut off by a motorist, and he swerved [to] the right to avoid a collision, which caused him to crash the front of Unit 1 into the rear of Unit 2." On re-cross examination, Mason acknowledged that he did not use the pronoun "I" in the reports in recounting what defendant told him. On re-direct, Mason testified that the pronoun "he" in the ICASE report referred to defendant.

¶ 11    Following Mason's testimony, the State nol-prossed count II, the charge of driving with a suspended license. Defense counsel then moved for a directed finding, arguing *inter alia*, there was insufficient evidence that defendant was driving the vehicle. Counsel argued that "the *corpus delicti* of a charged offense cannot be proved by the declarant's admission alone."

¶ 12    The court granted the motion for directed finding with respect to count I and count IV. However, the court denied defendant's motion with respect to count III.

¶ 13    After the court's ruling, defendant testified that he remembered "not much" about the evening of the accident. He recalled being in the passenger seat while the car was driven by the vehicle's owner, Walter Thornton. Defendant testified: "I remember when we was getting on the ramp, coming down the ramp. And once we came off that ramp, I don't really remember anything until I woke up in the hospital." Defendant remembered seeing Mason in the hospital but denied that they had a conversation. Defendant specifically denied that he was driving on the night of the crash.

¶ 14    On cross-examination, defendant testified that he remembered getting on a ramp to the expressway and vaguely recalled an ambulance. Defendant said that he and Thornton were coming from a party on the night of the accident and testified: "We had been drinking all that day since 2:00 o'clock that evening." He also acknowledged he had a blood alcohol concentration of .151.

¶ 15    After closing arguments, the court found defendant guilty of count III, explaining:

> "The only remaining charge in this case is the charge of violation of 501(a)(1), and that is operating a motor vehicle in excess of .08, and the Defense argues that the trooper was impeached. *** I don't believe the trooper was impeached.
>
> Clearly, the trooper did not testify with absolute precision and accuracy regarding his investigation *** however, the trooper quite convincingly and directly testified that he tracked down the Defendant to his hospital bed, had a conversation with the Defendant, and that the Defendant stated that he swerved his vehicle to avoid an accident on the expressway, and thereafter collided with the abandoned car.
>
> The trooper very clearly stated that the use of the word he in his report meant the Defendant, did not mean some other third person."

The court acknowledged defendant's testimony that he was not the driver, but the court stated it had "questions regarding the Defendant's credibility given his admission that he had been drinking all day, and that this blood level indicated intoxication." The court remarked that it did not give a "tremendous amount of weight" to defendant's testimony.

¶ 16    Defendant filed a motion to reconsider, in which he argued that the State failed to prove the *corpus delicti* of the offense. On June 20, 2016, the trial court denied defendant's motion to reconsider. In doing so, the court explained that it found sufficient corroboration of defendant's admission that he had been driving to satisfy the *corpus delicti* rule:

> "[T]he crash scene disclosed two vehicles, one which had been abandoned on the roadway, and the other that had been driven and had collided with the abandoned vehicle.

Trooper Mason was summoned to the scene. Those circumstances were described to him, and he conducted his investigation.

Immediately, he endeavored, as he testified, to find and interview the driver of the vehicle that collided with the abandoned vehicle. His inquiries resulted in him being led to the hospital and being put in the presence of the Defendant. So I find that is sufficient circumstantial evidence to support that the Defendant, who was presented to Trooper Mason as the person who is the only driver in this two-car incident, the other being abandoned, was sufficient for an identification of the driver."

¶ 17    On July 19, 2016—before sentence was imposed—defendant filed a notice of appeal (appeal no. 1-16-2037). At a number of subsequent hearings, the parties discussed whether the trial court could conduct any substantive proceedings. At a November 10, 2016 hearing, the State expressed its position that the trial court had lost jurisdiction. The trial court acknowledged that it could not sentence defendant until the case returned to its jurisdiction.

¶ 18    On August 10, 2017, defendant moved to dismiss appeal no. 1-16-2037. This court granted that motion on August 18, 2017, and this court's mandate was issued on December 20, 2017.

¶ 19    After the case returned to the circuit court, it was continued several times in 2018. On January 2, 2019, the court sentenced defendant to 18 months' supervision, a victim impact panel, "significant C treatment," and mandatory fees and costs of $1329.[3] On January 17, 2019, defendant filed a notice of appeal.

---

[3] Although defendant's trial proceeded before Hon. John Curry, defendant was sentenced by Hon. Elizabeth Ciaccia-Lezza.

¶ 20    On appeal, defendant argues that, under the *corpus delicti* rule, the State's evidence was insufficient to support his conviction under section 11-501(a)(1) of the Vehicle Code. He contends that the only evidence that he was driving or in actual physical control of the Chrysler was defendant's statement to Mason in the hospital. Defendant urges that, pursuant to the *corpus delicti* rule, the court could not rely on that admission to find him guilty, absent independent corroborating evidence that he was driving or otherwise had control of the car. Defendant argues that there was no such independent evidence, requiring reversal of his conviction.

¶ 21    Generally, when reviewing a challenge to the sufficiency of the evidence, this court considers "whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original; internal quotation marks omitted.) *People v. Wheeler*, 226 Ill. 2d 92, 114 (2007). The reviewing court "must allow all reasonable inferences from the record in favor of the prosecution." *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004). We will not "retry the defendant or substitute [our] judgment for that of the trier of fact on questions involving the weight of the evidence, conflicts in the testimony, or the credibility of witnesses. [Citation.]" *People v. Corral*, 2019 IL App (1st) 171501, ¶ 71.

¶ 22    Defendant was convicted under the portion of section 11-501 of the Vehicle Code making it unlawful for a person to "drive or be in actual physical control of any vehicle" while the alcohol concentration in the person's blood or breath is 0.08 or more. 625 ILCS 5/11-501(a)(1) (West 2014). Defendant does not contest that his blood alcohol level was above .08. Instead, he attacks the State's proof that he was driving or in actual physical control of the Chrysler. Defendant urges that, under the *corpus delicti* rule, his alleged statement to Mason was insufficient to prove the offense, as the State did not present corroborating evidence.

¶ 23    Our supreme court has explained the *corpus delicti* rule as follows:

> "The *corpus delicti* of an offense is simply the commission of a crime. Along with the identity of the person who committed the offense, it is one of two propositions the State must prove beyond a reasonable doubt to obtain a valid conviction. In general, the *corpus delicti* cannot be proven by a defendant's admission, confession, or out-of-court statement alone. When a defendant's confession is part of the *corpus delicti* proof, the State must also provide independent corroborating evidence. [Citation.]

> To avoid running afoul of the *corpus delicti* rule, the independent evidence need only *tend to show* the commission of a crime. It need not be so strong that it alone proves the commission of the charged offense beyond a reasonable doubt. If the corroborating evidence is sufficient, it may be considered, together with the defendant's confession, to determine if the State has sufficiently established the *corpus delicti* to support a conviction. [Citations.]" (Emphasis in original.) *People v. Lara*, 2012 IL 112370, ¶¶ 17-18.

¶ 24    Before discussing whether the evidence in this case was sufficient to satisfy the *corpus delicti* rule, we first note that the parties disagree regarding the standard of review. Defendant suggests that, in *Lara*, our supreme court "found the question of whether the evidence was sufficient to satisfy the *corpus delicti* rule to be one of law," such that we must apply a *de novo* standard of review in assessing whether there was sufficient evidence to satisfy the rule. The State responds that defendant misreads *Lara* in this regard. In *Lara*, our supreme court reviewed *de novo* a legal question regarding what type of evidence the *corpus delicti* rule requires. However, *Lara*

did not suggest that *de novo* review applies to determine whether, in any given case, there was sufficient corroborating evidence to satisfy the rule. We agree with the State.

¶ 25    *Lara* came before our supreme court upon the State's petition for leave to appeal, after our appellate court reduced the defendant's convictions for predatory criminal sexual assault of a child (PCSA) to the lesser-included offenses of aggravated criminal sexual abuse (ACSA). *Id.* ¶ 2. This court had concluded that proof of PCSA was insufficient under the *corpus delicti* rule, absent "independent evidence of the element of penetration" corroborating defendant's statement that it had occurred. *Id.* Before our supreme court, the State argued that the appellate court had "improperly expanded the *corpus delicti* rule to require independent evidence corroborating every element of the specified offense" before a defendant's statement could be used to prove the *corpus delicti. Id.* ¶ 15. The defendant asserted that the element of penetration required corroboration because it is the "only factor distinguishing PCSA from ACSA." *Id.* ¶ 16. Our supreme court stated: "Because this issue presents a question of law, we review it *de novo.*" *Id.*

¶ 26    Thus, *de novo* review applied in *Lara* because our supreme court was faced with an issue of law regarding the meaning of the *corpus delicti* rule. See *id.* ¶ 48 ("We are addressing the legal question of whether all elements *** of a charged offense must be supported by independent evidence before a defendant's inculpatory statement may be used to establish the *corpus delicti* of the offense."). Our supreme court resolved that question in favor of the State:

> "[W]e hold that the *corpus delicti* rule requires only that the corroborating evidence correspond with the circumstances recited in the confession and tend to connect the defendant with the crime. The independent evidence need not precisely align with the details of the confession on each element of the charged offense, or indeed to any particular element of the charged offense." *Id.* ¶ 51.

¶ 27 As such, *Lara* did not suggest that *de novo* review applies whenever a defendant claims there was insufficient evidence to satisfy the *corpus delicti* rule. Notably, *Lara* recognized that the *corpus delicti* of an offense "is one of two propositions the State must prove beyond a reasonable doubt to obtain a valid conviction," *id.* ¶ 17, indicating that proof of *corpus delicti* should be evaluated in the same manner as the sufficiency of any element of an offense. Further, *Lara* reiterated that it is the role of the trier of fact to weigh the evidence and inferences, including with respect to proof of the *corpus delicti*. *Id.* ¶ 46 (the fact finder's responsibilities include the "need to consider a variety of evidence, some conflicting or unclear, addressing the *corpus delicti*, the identity of the offender, or both."). We thus reject defendant's suggestion that *de novo* review applies. Rather, in evaluating whether there was sufficient proof to satisfy the *corpus delicti* rule, we assess whether, viewing the evidence and reasonable inferences therefrom in the light most favorable to the prosecution, the trier of fact could have found defendant guilty beyond a reasonable doubt. See, *e.g.*, *People v. Hannah*, 2013 IL (1st) 111660, ¶ 27 ("Viewing the evidence in the light most favorable to the State, we find that the State proved the *corpus delicti* of the offense in order to sustain a conviction for unlawful possession of a weapon by a felon.").

¶ 28 We thus turn to consider whether the trial court, as finder of fact, could find sufficient independent evidence corroborating defendant's statement to Mason that he was driving the Chrysler. For the following reasons we find that it could. In doing so, we keep in mind that the *corpus delicti* rule "requires only that the corroborating evidence correspond with the circumstances recited in the confession and tend to connect the defendant with the crime." *Lara*, 2012 IL 112370, ¶ 51. In other words, "the independent corroborating evidence is not required to be identical to the details of the defendant's admission; instead, only some consistency between the two is required tending to confirm and strengthen the defendant's admission."

*People v. Smith*, 2015 IL App (1st) 132176. The corroborating evidence may be circumstantial and need not provide proof beyond a reasonable doubt. *Lara*, 2012 IL 112370, ¶ 72 (Thomas, J., concurring). Our court has recognized that only a "slight level of evidence" is necessary to establish the *corpus delicti*. *Smith,* 2015 IL App (1st) 132176, 21 (quoting *Hannah,* 2013 IL App (1st) 111660, ¶ 29).

¶ 29    Defendant acknowledges Mason's testimony that he admitted he was driving the Chrysler. However, he claims that there was no corroborating evidence to allow that statement to serve as proof of the *corpus delicti* of the offense, *i.e.*, that he was driving or otherwise in "actual physical control" of the vehicle. 625 ILCS 5/11-501(a)(1) (West 2014); see also *People v. Niemiro*, 256 Ill. App 3d at 908-09 ("The term 'driving under the influence' as used within [section 11-501 of the Code] may encompass both the situation where defendant is shown to have been operating a vehicle and the situation where defendant is shown to have been exerting actual physical control over the vehicle, even though the vehicle was not shown to be moving. [Citation.]")

¶ 30    In making his *corpus delicti* argument, defendant points out that no witnesses testified that they saw the accident or saw defendant being removed from the Chrysler; there was no evidence as to whether he had injuries consistent with being the driver; no one else witnessed his supposed statements to Mason at the hospital; the trial record did not show whether he was medicated or intoxicated at the time of the admission, and that Mason's "notations of [defendant's] alleged admission were non-specific."[4] Defendant also points out that Mason acknowledged that defendant was not the owner, whereas defendant testified that Walter Thornton owned the car and

---

[4] Although the trial transcript reflects that Mason was shown these reports during his testimony they are not included in the record on appeal.

was driving it at the time of the accident.[5] Defendant additionally urges that the State did not provide corroborating evidence that he had "actual physical control" of the Chrysler within the meaning of section 11-501 of the Code, *i.e.*, that he was able to start the engine and move the vehicle. See *People v. Morris*, 2014 IL App 130512, ¶ 17 (whether there is actual physical control is determined on a case-by-case basis, considering factors including whether the defendant: "(1) possessed the ignition key; (2) had the physical capability to operate the vehicle; (3) was sitting in the driver's seat; and (4) was alone with the doors locked. [Citation.])." In this regard, defendant asserts that the State failed to produce evidence that defendant had access to the interior of the Chrysler or that he possessed or had access to the car's keys.

¶ 31    In this case, viewing the evidence and reasonable inferences in the light most favorable to the State, we find there is at least some evidence tending to corroborate defendant's statement that he was the driver, satisfying the *corpus delicti* rule. *Lara*, 2012 IL 112370, ¶ 51 (*corpus delicti* rule requires only that corroborating evidence "tend to connect the defendant with the crime"). Particularly, Mason's testimony regarding the circumstances and investigative steps leading him to defendant in the hospital provide some corroboration that defendant was driving the Chrysler.

¶ 32    Mason testified that, earlier on the same night of the accident, he had observed an abandoned Jeep on the side of the road. Mason was later dispatched to the crash scene, where he observed IDOT workers, the Chrysler, and the same Jeep. He testified that he "eventually went to Mount Sinai [hospital] to speak with the driver." At the hospital he "asked the nurses if they had someone come in from a crash that was at the location" after which he spoke to defendant in his hospital bed. Based on this testimony, the trial court could reasonably infer that (1) the Chrysler

---

[5] Defendant notes that, at the hearing on the petition to rescind, Mason testified that the Chrysler was registered to Thornton. However, Mason's trial testimony did not identify the owner of the car.

ran off the road and collided with the Jeep, and (2) that defendant was in the Chrysler at the time of the crash. This, in turn, provided some corroboration of defendant's statement to Mason admitting that he was driving the Chrysler when it struck the Jeep. See *People v. Chavez*, 285 Ill. App. 3d 45, 49 (1996) (in rejecting *corpus delicti* argument, reasoning that testimony that defendant appeared "with a leg injury likely to have resulted from an episode such as the turning over of the vehicle is some corroboration of defendant's stated admission to [police] that he had been driving that vehicle.").

¶ 33    We recognize that a person's presence in a vehicle does not necessarily mean that the person was driving the vehicle. However, the *corpus delicti* rule does not require the corroborating evidence to independently prove the entire substance of a defendant's admission. Rather, the rule requires that the corroborating evidence "correspond with the circumstances recited in the confession and tend to connect the defendant with the crime" but "need not precisely assign with the details of the confession on each element of the charged offense, or indeed to any particular element of the charged offense." *Lara*, 2012 IL 112370, ¶ 51; see also *Smith*, 2015 IL App (1st) 132176, ¶ 18 ("The independent corroborating evidence is not required to be identical to the details of the defendant's admission"). In sum, we conclude that Mason's testimony regarding the circumstances of his investigation contained sufficient evidence, for purposes of the *corpus delicti* rule, corroborating defendant's admission that he was driving the Chrysler at the time of the accident.[6] In turn, we reject defendant's challenge to the sufficiency of the evidence.

_____

[6] As we find sufficient corroborating evidence that defendant was driving the Chrysler, we need not separately address defendant's contentions that the State failed to prove that he had actual physical control of the Chrysler. See *Niemiro*, 256 Ill. App. 3d at 906 (recognizing that "if a person is shown to be operating a vehicle, that person is also, by the very nature of operating that vehicle, exercising actual physical control over the vehicle" for purposes of section 11-501 of the Code).

¶ 34    In reaching this conclusion, we reject as inapposite defendant's reliance on *People v. Foster*, 138 Ill. App. 3d 44 (1985), in which this court reversed a defendant's conviction for operating a motor vehicle with a blood alcohol level of .10 (Ill. Rev. Stat. 1983, ch. 95 ½, par. 11-501(a)(1)) because the *corpus delicti* was not proved by evidence independent of the defendant's admissions at the scene. We note at least two factors in *Foster* (not present in the instant case) that contributed to the determination that there was insufficient corroboration of the defendant's admission. Significantly, in *Foster* it was undisputed that police found *two* individuals in the vehicle, and that the defendant was seated on the passenger side while the other individual was in the driver's seat. *Id.* at 46. These circumstances did not corroborate the defendant's initial admission that he was the driver, but instead suggested that the second individual was just as likely (if not more likely) to have been the driver. Further, in *Foster*, this court emphasized that the defendant was not charged until several months after the crash since a responding officer initially believed that the defendant was not the driver. *Id.* at 47 (in finding insufficient evidence of the *corpus delicti*, noting that the officer was "apparently satisfied," at least initially, that the defendant was not the driver). Such circumstances are clearly not applicable to the instant case.

¶ 35    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 36    Affirmed.

¶ 37    PRESIDING JUSTICE GORDON, dissenting:

¶ 38    I must respectfully dissent because I believe the State's evidence was insufficient to prove the *corpus delicti* of the offense. The only evidence that defendant was the driver of the vehicle was his alleged statement to the state trooper, which was not explicitly contained in the police report. No one observed defendant driving the vehicle or sitting in the driver's seat. Defendant testified that the owner of the vehicle was the driver, and the State did not call the owner as a

witness, nor did they call the paramedics who transported defendant to the hospital. The police never followed up by contacting the owner of the vehicle or the paramedics to obtain any information, probably because defendant admitted orally that he was the driver.

¶ 39    The majority concludes "that Mason's [(the state trooper's)] testimony regarding the circumstances of his investigation contained sufficient evidence, for purposes of the *corpus delicti* rule, corroborating defendant's admission that he was driving the Chrysler at the time of the accident." *Supra* ¶ 33. However, the circumstances of the investigation only show how the accident occurred, that defendant was under the influence of alcohol, and his admission that he was the driver. It shows no evidence, circumstantial or otherwise, that defendant was the driver of the vehicle other than his admission that he was the driver. Based on the law as made and provided, there was no corroboration and thus that admission alone was insufficient to prove the *corpus delicti* of the offense. *People v. Foster*, 138 Ill. App. 3d 44, 46 (1985). Thus, I have no alternative but to respectfully dissent.